## The Town of *Middlebury* vs. *Artemas Nixon* and others.

That a prior demand of payment need not be averred in a suit upon a constable's or collector's official bond, nor that a proceeding has been had to procure an extent against the collector himself, the suit upon the bond being a cumulative remedy.

That, in assigning a breach of such bond, the various circumstances of the tax, the time of payment, and to whom, &c. must be aveied.

That such a bond, so far as relates to a state-tax, is a bond of indemnity to the town; and, in their suit, they must make an averment of the state-tax.

THIS was an action of debt upon two penal bonds of *five thousand dollars* each, given by the defendants, as security to the town that said *Nixon* should faithfully execute the office, and perform the duties, of constable and collector of town-taxes for said town of *Middlebury*; one for the year commencing in March, 1824, and the other in March, 1825. The declaration alleged several breaches of each bond, in not collecting, accounting for, and paying, sundry taxes included in tax-bills committed to him, the said *Nixon*, for collection, during said years, accompanied with regular warrants authorizing the collection. Among these were several town-taxes, one school-tax, and one state-tax. The assignment of the breaches, with regard to town-taxes, will be sufficiently understood without a recital.

The assignment, with regard to the state-tax, was as follows, to

wit: "And on the same 31st of
December, 1824, the said *Artemas*
" *Nixon*, as collector as aforesaid, received from the said selectmen
" a tax-bill of the state-tax of one cent and a half on the dollar,
" legally made and assessed on the list of the polls and rateable es-
" tate of the inhabitants of said town, for the year 1824, amount-
" ing to four hundred sixty-four dollars and seven cents, to col-
" lect and pay over as the law directs."

*Addison, January, 1828.*

*Town of Middlebury vs. Nixon et als.*

The assignment, with regard to the school tax, was nearly in
the same words, *mutatis mutandis.*    The negations were that
the times allowed by law, for collecting, paying over, &c. said tax-
es, had long since past, yet that said *Artemas* had wholly neglect-
ed, &c.    By reason whereof, the said town had sustained great
damage, to wit, *two thousand dollars :* whereby an action had ac-
crued, &c.

To this declaration the defendants demurred, and assigned the
following special causes, to wit :

1st.  " That it is not alleged in the said declaration, that the treas-
" urer, selectmen, or trustees of schools of said town of *Middlebury,*
" have at any time demanded of the said *Artemas Nixon,* as con-
" stable and collector of taxes for said town, as aforesaid, the arrear-
" ages on said tax-bills, so delivered to him as collector, as aforesaid."

" 2.  That it is not alleged in said declaration that the treasurer,
" selectmen, or trustees of schools of said town of *Middlebury,*
" on failure of payment by said *Nixon* of the arrearages on said
" tax-bills, so delivered to him as collector of taxes, as aforesaid,
" caused an extent to be issued against him, the said *Nixon,* for
" such arrearages of said taxes, as by law they were bound to do.
" And also, for that the said declaration is in other respects un-
" certain, informal and insufficient."

*Mr. Starr,* for the defendants, in support of the demurrer.

1. The bonds in this case are not taken in conformity to law.
See *Rev. Laws,* 420, *Act of Nov.* 5, 1816.  It is made the
duty of the Constables in all cases to give bonds with securities
before they enter upon the duties of their office.  And it is op-
tional with the towns to require bonds of collectors of taxes, or
not, as they see fit.  The offices of constable and collector of
taxes being distinct, the bonds should be distinct, each condi-
tioned for the performance of the duties of the particular office.

FF

Addison, January 1828.     〉     2. The case provided for in

*Town of Middlebury* vs. *Nixon et als.* 〉 the act relating to town meetings and town officers, passed in February 1797, *(Sec.* 6, *p.* 411, *R. L.)* is a specific case, when the appointment to the offices of constable and collector of taxes is in pursuance of an agreement between the inhabitants of the town and the individual appointed to fill the two offices, on terms agreed between them.    These bonds were not executed under that provision of the statute.    The condition of the bonds set forth in plaintiffs' declaration does not recite that the appointment of *Artemas Nixon*, as constable and collector of taxes, was in pursuance of such an agreement, nor does the declaration allege that fact.    The bonds are, therefore, to be taken to have been executed under the general law regulating bonds of constables and collectors of taxes.

3. In the statute relating to the collection of taxes, passed October, 1797 *(sec.* 12, *p.* 405*)* a specific remedy is given to the town against a delinquent collector, by empowering the town treasurer, selectmen, trustees of schools, &c. who are authorized to receive the tax, to demand the arrearages, &c. and on his failure to pay, &c. to cite such collector before a justice of the peace, to show cause why an extent should not issue against him.    And the justice of peace is empowered in case, &c. to issue an extent against the collector, &c. which is a prompt and efficient remedy in favor of the town against a delinquent collector.    This act has remained in force from its first enactment, and was the only security or remedy provided for the town, for many years, against a collector of taxes, except in the specific case of an appointment of constable and collector, pursuant to an agreement, as before mentioned.

4. The act of November 5, 1816, regulating bonds of constables and collectors of taxes, being subsequent to the act of 1797, regulating the collection of taxes, is to be construed with reference to the provisions of that act.    The bonds, to be taken under the act of 1816, of collectors of taxes, were intended to be an ultimate security to the town, in case of failure to enforce payment of the taxes from the collector by the process provided by the previous law.

5. The principle, that statutes are to be construed favorable to

the rights of bail, requires such a <span>{</span>
construction of the act of 1816. <span>}</span>
The bail cannot call on the collector till they are damnified. The town are empowered to coerce him as soon as he is delinquent, and in a summary manner.   May they then sleep upon their rights, and throw upon the bail a loss occasioned by their own neglect?

6.   The breaches are insufficently assigned, particularly in relation to the state-tax, nor is it alleged in the declaration at what time said tax was payable, ·nor is it alleged when the school-tax was payable, which is set forth in the first count of plaintiffs' declaration.   For any thing that appears in the declaration, said tax might not have been payable at the commencement of the plaintiffs' action.

*Mr. Doolittle,* for the plaintiffs, after stating the case, argued as follows:   The demurrer admits every thing necessary to a recovery by the plaintiffs, unless there be some statutory provision making it necessary for the selectmen, treasurer, or trustees of schools, to make a special demand of *Nixon* of the arrearages of taxes, or, that some of those officers should cause an extent to be issued against him, previous to bringing the suit.   Neither of these is a necessary prerequisite.   There are several statutory provisions on this subject.

The first noticed, is the act of 28th of February, 1797, *R. L. chap.* 50, *p.* 408—*sec.* 6, *p.* 411, authorises the town to take bonds of the constable and collector with sureties in one case only, and that is, when the town shall agree with some suitable person to fill the office, who shall afterwards, i. e. after the agreement, be chosen, &c. and the condition of the bond is prescribed ; but that is not this case.   That rested wholly on the agreement,—*ch.* 50, *No.* 3, *p.* 419.   The act of Oct. 17, 1797,—*R. L. ch.* 49, *p.* 400,—12 *sec. p.* 405,—merely empowers the selectmen, &c. to demand of the collector, and to cite him before a justice peace, who may issue an extent ; but this act does not authorise or contemplate a bond with sureties ; but the reverse.   For the town had no remedy or security beyond the solvency of the collector.

The act of Nov. 7, 1804, *R. L. of* 1808 *p.* 422, authorised the town to take bonds with surety ; but this act was found deficient, not providing for the whole case.

Addison, January, 1828.

Town of Middlebury vs. Nixon et als.

The act of Nov. 5, 1816, (*R. L.* ch. 50, *No.* 5, *p.* 420,) providing for the case, and repealing the act of Nov. 7, 1804, places the subject on the proper ground. It was under this act that the bonds in question were given, and in pursuance of it, the plaintiffs are seeking their proper, and only adequate, remedy on the bonds. The act of Oct. 17, 1797, has nothing to do with the case. The act of Nov. 5, 1816, authorised merely the taking of the bond with sureties, but prescribed no form of the bond or condition. The defendants have prescribed their own conditions to the bonds; and they must be governed by the ordinary rules of law applicable to such cause.

HUTCHINSON J. delivered the opinion of the court. The first objection taken to the declaration is, that it counts upon bonds, each of which was taken as security in two distinct offices; whereas, there should have been a separate bond in each case.

This objection supposes that the selectmen must have followed some statute in taking these bonds, if not in form, at least in substance. Hence, it is admitted, that such a bond as these would be good, if it appeared by the declaration that the town had agreed with *Nixon* to fill the offices of first constable and collector, according to the 6*th sec. of a stat. p.* 411, *of compiled laws;* that alluding to a condition uniting the obligations in both offices in one bond.

But this supposition cannot be correct. The statutes dictate what the substance of such bonds should be : but they prescribe no form. Nor do they undertake to determine whether there shall or shall not be separate bonds, other than what is just mentioned. And if bonds are taken by the selectmen, who, in behalf of the town, have an interest, and are taken so as to secure that interest, and contain nothing contrary to any law, and are given by the free act of the signers, such bonds are good. No person is injured by there being in one bond what might have composed two separate bonds. Moreover, by the 19*th section of the Stat. p.* 414, it is made the duty of the first constable to levy and collect all taxes committed to him. Hence, it would seem, that when no other collector is chosen, the first constable is *ex officio* collector. In which case there would be the same propriety that all be included

in one bond, as if he were agreed with to serve as collector also.

Hence, the spirit of the sixth section, on page 411, would sanction the bonds in question, if no agreement were made with *Nixon* to serve as collector.

The next objection to the declaration is, that it does not set forth a proceeding to procure an extent against the constable agreeably to the provisions of the statute, *(sec.* 12, *p.* 405,) prior to this suit upon the bonds. We deem the proceeding to be unnecessary. That was the only prompt and effective remedy before the provision for taking bonds of the constables and collectors; and may now be resorted to, if the town choose it ; and this is now the better way, when there is no doubt of the ability of the collector to pay, and prevent trouble to his bail. But the provision for requiring bonds furnishes a cumulative remedy. It is a later provision than the other, and is placed by the statute as an independent remedy, when a resort to it is necessary. When there is a breach of such a bond, the remedy is complete, and the statute has pointed out no incipient steps to embarrass or protract this remedy ; and none surely should be attached by construction merely, especially as such a course might operate to the injury of the bail, to whom, if they are ever to be called upon, it is a kindness to know it before their principal is wholly down as to property.

Again, it is objected that the declaration does not allege any demand before the bringing of the action. The said statute, *(page* 405,) seems to imply that the demand, there spoken of, should precede the process to obtain an extent against the collector, as there specifically pointed out ; but no statute, even by implication, requires such demand to precede the action upon the bond. This stands as at common law, which requires no such demand.

All the objections to the declaration, which go to the whole action, are overruled, and the plaintiffs must have judgment.

Further objections to the assignment of the breaches, and affecting the amount of the recovery, remain to be disposed of.

The assignment of the breach of the first bond, with regard to the school-tax, is not well assigned. The liability of a collector of town-taxes, &c. is, that he shall "collect and pay over, by such time,

Addison, January, 1828.

*Town of Middlebury* vs. *Nixon et als.*

and to such persons, as he shall be directed in his warrant."— Now, here is no averment of either the time for collection, nor of the person or persons to whom payment was to be made. Nor is this helped by any reference to the general law which points out those particulars. For nothing appears, what school tax was to be collected ; whether one to be assessed of course, or one voted by the town; nor even whether it originated from any source which could give it validity.

Neither is the breach with regard to the state-tax well assigned. In this tax the town have no interest, except as they stand bail for their constable, and hold this bond for their indemnity. As to the plaintiffs, and in relation to this tax, it is technically an indemnifying bond. The declaration should, therefore, aver payment to the State's Treasurer by the town, so as to discharge the tax wholly ; otherwise, it might stand good against the constable himself, or might be in a train of collection against the sheriff or high-bailiff on extents, and be in fact collected, and the town saved harmless, while they are collecting on this bond ; and the constable would still be liable on the original extent against him, till the tax was actually paid. In the assessment of damages, therefore, neither the school-tax, nor the state-tax must be included.

There is no such exception to the assignment of the breaches with regard to the town-taxes. The times of voting of these taxes by the town, the sums, the times the taxes are to be collected, and person or officer to whom payable, the times of delivering rate-bills and warrants, are all specifically set forth. For these amounts, so far as not paid over, the plaintiffs must have judgment.

*Doolittle*, for plaintiffs.

*Starr*, for defendant.